UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

ALAN CHAU, et al., )
 )
 Plaintiffs, ) Civil Action No. 5:10-cv-396-JMH
 )
v. )
 ) **MEMORANDUM OPINION AND ORDER**
FIRST FEDERAL BANK, et al., )
 )
 Defendants. )

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendants' Motion to Dismiss the plaintiffs' Complaint [Record No. 5]. Plaintiffs filed a Response in Opposition to the Motion to Dismiss [Record No. 12], and Defendants Replied [Record No. 13]. Additionally, the plaintiffs were granted leave to file a Surreply[1] [Record No. 16]. This matter has been fully briefed and is ripe for review.

In their Complaint, filed on November 18, 2010, Plaintiffs Alan Chau and Huong Chau assert that Defendants First Federal Bank and Perry Dunn violated the Racketeering Influenced and Corrupt Organizations Act, the Equal Credit Opportunity Act, the Real Estate Settlement Practices Act, and the Truth-in-Lending Act and

---

[1] Plaintiffs' Surreply also requests leave to file an Amended Complaint, but fails to develop any argument supporting this request. Further, Plaintiffs fail to allege any specific facts which, if pled in an Amended Complaint, would alter this Court's analysis herein. Accordingly, Plaintiff's request is denied as futile. *See Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565 (6th Cir. 2008).

are liable to them on the state law theories of fraud, unconscionability, and civil conspiracy. Based on the Complaint and the exhibits appended thereto, the Court understands that Plaintiff's claims arise out of loan agreements made by the parties for the purchase of real property located at 428 Kenton Street, Lexington, Kentucky and 3330 Nevius Drive, Lexington, Kentucky. These properties were purchased as commercial properties, i.e., not for the Chaus' residence.

The Court notes that the parties, as well as the allegations of the Complaint herein, are nearly identical to the issues raised in a similar case, styled *Alan Chau, et al., v. First Federal Bank, et. al.,* Civil Action No. 5:10-cv-353-JMH, which was filed in the Eastern District of Kentucky on October 6, 2010. Indeed, only the subject properties serve to distinguish the two cases. The Court further notes that on December 9, 2010 it entered an Order dismissing Plaintiffs' allegations raised in Civil Action No. 5:10-cv-353-JMH, based upon a similar Motion to Dismiss filed by Defendants First Federal Bank and Perry Dunn.

I.  **BACKGROUND**

On or about April 23, 2010, First Federal filed a foreclosure action in Fayette Circuit Court, Division 8, styled *First Federal Bank Lexington, Kentucky, FSB v Alan Ut Chau & Houng N. Chau,* 10-CI-2465, regarding the real property located at 428 Kenton Street, Lexington, Kentucky and 3330 Nevius Drive, Lexington, Kentucky.

After being served with summons and the complaint, Alan Ut Chau and Houng N. Chau failed to file an answer or other pleading in that action. Accordingly, the Fayette Circuit Court entered a Default Judgment and Order of Sale on or about August 3, 2010.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "[T]he Court may consider, without converting Defendants' motion to dismiss into a motion for summary judgment, the facts alleged in the . . . Complaint, any documents attached or incorporated in . . . Amended Complaint, and public documents of which the Court can take judicial notice." *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 971-72 (W.D.Mich. 2003), citing *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *overruled in part on other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508-14 (2002); *Yeary v. Goodwill Indus.-Knoxville, Inc.,* 107 F.3d 443, 445 (6th Cir. 1997); *Armengau v. Cline,* 7 F. App'x 336, 344-45 (6th Cir. 2001). Accordingly, the background set forth below has been taken from the averments in Plaintiffs'

Complaint, with the exception of the facts related to certain filings in the state court proceedings set forth above, of which the court may take judicial notice.[2]  With respect to the averments set forth in Plaintiffs' Complaint, the Court accepts Plaintiffs' averments as true for the purposes of evaluating Defendants' Motion to Dismiss.

"A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997).  If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538,

---

[2] Under Fed. R. Evid. 201, this Court may take judicial notice of adjudicative facts, i.e., those which are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Public records, such as the pleadings filed in a state court action, and government documents are generally considered "not to be subject to reasonable dispute." *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999).  The Court construes Defendants' Motion to Dismiss to include a request to take judicial notice of the fact that Plaintiffs failed to file an answer or otherwise defend the state court action by the Chaus.  The Chaus have objected to the admissibility of photocopies under Fed. R. Evid. 1002 and 1003 and argued that the Fayette Circuit Court record was incomplete because transcripts were not included.  However, the Chaus have not articulated a legitimate objection to the Court taking judicial notice of these documents and, therefore, the Court will take notice as requested.

541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007). The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

**III. DISCUSSION**

    **A. Compulsory Counterclaims That Should Have Been Raised in Prior Lawsuit Between Plaintiffs and Defendant First Federal Bank Are Res Judicata**

The first question before this Court is whether Plaintiffs' claims against First Federal Bank in this suit should have been brought as compulsory counterclaims in the Fayette Circuit Court action and, as a consequence, whether the failure to raise these claims before that court forecloses their litigation here. Having carefully considered the matter, the Court concludes that to be the case and shall dismiss Plaintiffs' claim on that ground.

Ky. CR 13.01 provides as follows:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"The counterclaim must be asserted only if it [arises] out of the transaction or occurrence that is the subject matter or foundation of the opposing party's claim. If it is not presented by pleading the matter will be *res judicata*, and it would not support an independent action." *England v. Coffey*, 350 S.W.2d 163, 164 (Ky. 1961). This is true whether the party filed a responsive pleading, or if judgment was entered by default. "[W]hen one is duly summonsed and suffers a default, he not only loses his right to defend in that litigation, but also his right to assert in an independent action a claim deemed to have been a compulsory counterclaim under CR 13.01." *Cianciolo v. Lauer*, 819 S.W.2d 726, 727 (Ky.App. 1991).

"Kentucky law thus precludes assertion of counterclaims for the first time in a subsequent action," and the same is true where the subsequent action is filed or removed to a federal court. *Holbrook v. Shelter Insurance Company*, 186 F. App'x 618, 622, 2006 WL 1792514 (6th Cir. 2006). "[C]laims coming within the definition of 'compulsory counterclaim' are lost if not raised at the proper time." *Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir. 2000)(citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1 (1974)).

The rationale is simple, as explained by the United States Supreme Court in *Southern Const. Co. v. Pickard*:

> The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint. See, e.g., *United States v. Eastport S.S. Corp.*, 2 Cir., 255 F.2d 795, 801-802.

*Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962) (construing Fed. R. Civ. P. 13); *See also Williams v. Carter Bros.*, 390 S.W.2d 873, 875 (Ky. 1965) ("The real purpose of [Ky. CR] 13.01 is to require that all issues be resolved between the parties in one trial and to avoid the multiplicity of trials.").

The claims that Plaintiffs now seek to prosecute against Defendant First Federal Bank arise out of the same transactions or occurrences as First Federal Bank's claims against them and were claims that the Chaus had at the time they should have served their responsive pleading in the state court action. The claims that Plaintiffs now seek to prosecute against First Federal Bank arise out of the same transactions or occurrences as First Federal Bank's claims against them and were claims that the Chaus had at the time they served, or should have served, their responsive pleading in the state court actions. *See Bluegrass Hosiery,* 214 F.3d at 772-73. In other words, they were required to bring the claims averred in the Complaint in this matter in the state court action.

Accordingly, Plaintiffs' claims against First Federal Bank, all of which could and should have been raised as compulsory counterclaims in the state court action, shall be dismissed as *res judicata*.

**B. Plaintiffs Have Failed to State Any Claim Against Defendant Dunn**

As to the claim of fraud against Defendant Dunn, Plaintiffs must allege that a defendant made (i) a material representation (ii) that is false and (iii) that is known to be false or made recklessly (iv) with inducement to be acted upon, (v) that there was action in reliance upon the representation by the plaintiff and, (vi) that plaintiff sustained an injury as a result. *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999); *Anderson v. Pine S. Capital*, 177 F. Supp.2d 591, 596-97 (W.D. Ky. 2001). The Court has carefully reviewed Plaintiffs' Complaint and finds that there is no allegation that Dunn, personally, made any misrepresentations or omitted to make any representations with respect to the transactions between Plaintiffs and Defendant First Federal Bank which are the subject of Plaintiffs' Complaint. At best, Plaintiffs allege that he was part of a conspiracy to defraud them, as part of their allegation that he conspired with First Federal Bank to commit the actions averred in the Complaint. Their conspiracy claim is without merit as Dunn could not conspire with his employer nor can First Federal, as employer, conspire with its agent employee Dunn. *See Sudamax v. Buttes & Ashes, Inc.*, 2006 WL 3627725, *4 (W.D. Ky. Dec. 8, 2006). As recently explained by a

sister court in the Western District of Kentucky,

> Two separate entities must be present for a conspiracy to exist. *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984). A conspiracy does not exist when a corporation is "acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." *Id.*, quoting *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978). The basis for this is that "[a] corporation cannot conspire with itself" any more than a single person can. *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952). "[I]t is the general rule that the acts of the agent are the acts of the corporation." *Doherty*, 728 F.2d at 339.

*Id.* at *4. Accordingly, Plaintiffs' claim for civil conspiracy against Defendant Dunn, as well as their claim of fraud against Defendant Dunn, will be dismissed for failure to state a claim as Plaintiffs' legal claim is neither possible nor probable.[3]

Plaintiffs' claim of a civil RICO violation also fails as Plaintiffs have failed to identify an enterprise distinct from the persons employed by or associated with it as required for a claim under 18 U.S.C. § 1962(c). Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate . . . commerce,

---

[3] The Court notes, as well, that Plaintiffs' Complaint fails to allege the time, place, and content of the alleged misrepresentations or omissions upon which they claim to have relied, as required under Fed. R. Civ. P. 9(b), and their claim of fraud, as well as their claim of a civil RICO violation premised on mail fraud, would fail to state a claim for this reason, as well. *See Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Based on this language, there must not be identity of "enterprise" and the "person" or "persons" who comprise the enterprise. Rather, the enterprise must be distinct from the defendant "person" or "persons" and,

> [u]nder the "non-identity" or "distinctness" requirement, a corporation may not be liable under section 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members. An organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself.

*Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000) (citing *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1190 (4th Cir.1982)). "[W]here employees of a corporation associate together to commit a pattern of predicate acts in the course of their employment and on behalf of the corporation, the employees *in association with* the corporation do not form an enterprise distinct from the corporation." *Riverwoods Chappaqua Corp. v. Marine Midland Bank*, 30 F.3d 339, 344 (2nd Cir. 1994), citing *Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989) (emphasis added).

This is precisely what Plaintiffs have averred in this situation, effectively complaining that they have been injured by virtue of First Federal Bank doing what it normally does through

-10-

the actions of its employees – establishing terms for lending, lending money to borrowers like Plaintiffs, and enforcing the terms set forth for that lending.  Specifically, Plaintiffs' aver that Dunn and First Federal Bank violated 18 U.S.C. §§ 1962(c) and (d), in part, as follows:

> [First Federal Bank], along with [Dunn] working together with their employees, agents and affiliates, at all relevant times therefore constituted an ongoing association in fact, operating in concert as a continuing enterprise for the common purpose of collecting, for their shared financial benefit, whatever amounts Defendant's [*sic*] claimed to be due from consumer mortgage borrowers including the Plaintiff.

[Compl., Record No. 1, ¶8 at 5.]  Thus, Plaintiffs have failed to sufficiently allege the "enterprise" element of a § 1962(c) claim because they have alleged nothing more than the conduct of business by Defendant First Federal Bank and its employee, Defendant Dunn, no matter how distasteful that conduct was to Plaintiffs.  To permit this claim to go forward as alleged could mean that all business conduct gone wrong could constitute a per se RICO enterprise, and the Court declines to do so.  Plaintiffs' civil RICO claim against Defendant Dunn is, like their fraud claim, neither possible nor probable and shall be dismissed.

Nor can Plaintiffs' claim of unconscionability of contract as to Defendant Dunn survive the Motion to Dismiss for their claim is not directed at Defendant Dunn and is, thus, impossible to maintain.  Specifically, there is no averment in the Complaint that

Dunn, personally, entered into a contract with Plaintiffs which could be considered unconscionable or otherwise. Accordingly, this claim shall be dismissed as to Defendant Dunn.

Plaintiffs' Equal Credit Opportunity Act Claim also fails to state a claim. Plaintiffs argue that Defendant Dunn violated 15 U.S.C. § 1691(a) with respect to the availability and terms and conditions of credit on the basis of their national origin because Dunn "fail[ed] to provide adequate, licensed and qualified translators and documents in the native language of the [plaintiffs]" as required under KRS § 30A.410. [Compl., Record No. 1 at ¶¶ 61-62.] However, KRS § 30A.410 places no such obligation on Defendant Dunn, or Defendant First Federal Bank for that matter. Rather, in relevant part, § 30A.410 directs Kentucky state *courts* to appoint qualified interpreters in certain situations with respect to proceedings before them. Section 30A.410 does not make any requirement of lenders or their employees. Accordingly, Plaintiffs' claim fails and shall be dismissed with prejudice.

Turning to Plaintiffs' remaining claims, RESPA and TILA apply only to residential consumer credit transactions, not extension of credit made "primarily for business purposes" or "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a)(1); 15 U.S.C. §§ 1602(b) and 1603(1); 12 C.F.R. § 226.2(a); *see Sherlock v. Herdelin*, Civ. Action No. 04-cv-3438, 2008 WL 732146, *3 (E.D.

Pa. Mar. 17, 2008). As Plaintiffs complain of alleged violations of these statutes related to loans secured by mortgages on real properties which are investment properties – not residential in nature – these statutes are not applicable. Plaintiffs fail to state a claim under RESPA and TILA, and these claims shall be dismissed.

**IV. CONCLUSION**

For all of the reasons stated above, Plaintiffs have failed to state legal claims against Defendants that are "plausible, i.e., more than merely possible" or simply possible, for that matter. It follows that Defendants' Motion to Dismiss shall be granted and that Plaintiffs' Complaint shall be dismissed.

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

This the 9th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge